UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER G., | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 cv 2060 |
| | ) | |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| ANDREW M. SAUL, Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christopher G.[1] ("Plaintiff") appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying him disability benefits. Plaintiff has filed a Brief in Support of Reversing the Decision of the Commissioner of Social Security, which the Court construes as a motion for summary judgment (Dkt. 16); the Commissioner has filed a cross-motion for summary judgment (Dkt. 23). As detailed below, the Court grants Plaintiff's motion for summary judgment (Dkt. 16), denies the Commissioner's motion for summary judgment (Dkt. 23), and remands this matter for further proceedings.

**I.  Background**

   **a.  Procedural History**

Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act on September 10, 2015, alleging disability beginning on June 15, 2015. (R. 17.) After his applications were denied initially and on reconsideration, Plaintiff requested an administrative hearing. *Id*. On November 3, 2017, Plaintiff appeared with counsel and testified at a hearing before Administrative Law Judge ("ALJ") Bill Laskaris.

---

[1]  In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

(R. 42-69.) A vocational expert ("VE") also testified. *Id*. On February 27, 2018, the ALJ determined that Plaintiff was not disabled. (R. 17-34.) The Appeals Council denied Plaintiff's appeal on January 24, 2019. (R. 1-7.) Thus, the Decision of the Appeals Council is the final decision of the Commissioner. Plaintiff filed an action in this court on March 26, 2019, seeking review of the Commissioner's decision. (Dkt. 1.)

    **b.    The ALJ's Decision and Relevant Hearing Testimony**

As noted above, a VE testified at Plaintiff's hearing before the ALJ. The ALJ proffered the following hypothetical individual to the VE during his testimony:

> Please assume a person of claimant's age, education, and work experience, and skill set able to perform at the light exertional level, stand and or walk for approximately six hours per eight-hour work day and sit for approximately six hours per eight-hour work day with normal breaks; occasionally climb, ladders, ropes, or scaffolds; frequently climb ramps or stairs; frequent stooping, crouching, kneeling, and crawling. Work is limited to simple, routine, and repetitive tasks performed in a work environment free of fast-paced production requirements involving only simple, work-related decisions and with few if any workplace changes; only occasional interaction with the public, coworkers, and supervisors.

(R. 64.) The VE opined that there would be several jobs available to such a hypothetical individual, including hotel housekeeper, packer, sorter, and Plaintiff's previous job as a warehouse worker. (R. 64-65.) In subsequent hypotheticals, the ALJ varied the amount of interaction the hypothetical individual could have with the public, coworkers, and supervisors, and the VE found that such an individual could perform work that existed in the national economy. In the final hypothetical the ALJ posed (which was ultimately mirrored in the RFC), the VE testified that the hypothetical individual could work as a packer, sorter, inspector, and Plaintiff's previous job as a warehouse worker. (R. 65-66.)

On February 27, 2018, the ALJ issued a written decision denying Plaintiff disability benefits. (R. 17-34.) At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of June 15, 2015. (R. 19.) At Step Two, the ALJ found

that Plaintiff had the severe impairments of degenerative disc disease, plantar fasciitis, sleep apnea, obesity, depression, anxiety disorder, posttraumatic stress disorder, schizoaffective disorder and substance abuse disorder. (R. 20.)

At Step Three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. (R. 20.) In reaching this conclusion, the ALJ considered Plaintiff's mental impairment under Listing 12.04, including whether the "paragraph B" criteria were met. The ALJ found that Plaintiff had a moderate limitation in understanding, remembering, or applying information; a moderate limitation in interacting with others; a moderate limitation in concentration, persistence, and pace; and moderate limitation in adapting or managing oneself. (R. 21-22.)

Before Step Four, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[2] to perform light work with the following limitations: stand and/or walk for approximately six hours per eight-hour work day and sit for approximately six hours per eight-hour work day with normal breaks; occasionally climb, ladders, ropes, or scaffolds; frequently climb ramps or stairs; frequent stooping, crouching, kneeling, and crawling; limited to simple, routine, and repetitive tasks; limited to a work environment free of fast-paced production requirements involving only simple, work-related decisions and with few, if any, workplace changes; no interaction with the general public; only brief and superficial interaction with co-workers and supervisors. (R. 23.) Notably, these were the same limitations as the final hypothetical individual considered by the VE at the hearing. At Step Four, the ALJ determined that Plaintiff was incapable of performing his past relevant as a warehouse worker. (R. 32.) At Step Five, the ALJ found that there was work existing in significant numbers in the national economy that

---

[2] RFC is defined as the most one can do despite one's impairments. 20 C.F.R. §§ 404.1545, 416.945.

3

Plaintiff could perform, considering his age, education, work experience, and residual functional capacity. (R. 32-33.) Because of these determinations, the ALJ found Plaintiff not disabled under the Act. (R. 34.)

## II.   Social Security Regulations and Standard of Review

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. ALJs are required to follow a sequential five-step test to assess whether a claimant is legally disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; and (3) whether the severe impairment meets or equals one considered conclusively disabling such that the claimant is impeded from performing basic work-related activities. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920(a)(4)(i)-(v). If the impairment(s) does meet or equal this standard, the inquiry is over and the claimant is disabled. 20 C.F.R. § 416.920(a)(4). If not, the evaluation continues and the ALJ must determine (4) whether the claimant is capable of performing his past relevant work. *Cannon v. Harris*, 651 F.2d 513, 517 (7th Cir. 1981). If not, the ALJ must (5) consider the claimant's age, education, and prior work experience and evaluate whether the claimant is able to engage in another type of work existing in a significant number of jobs in the national economy. *Id*. At the fourth and fifth steps of the inquiry, the ALJ is required to evaluate the claimant's RFC in calculating which work-related activities the claimant is capable of performing given his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). In the final step, the burden shifts to the Commissioner to show there are jobs that the claimant is able to perform, in which case a finding of not disabled is due. *Smith v. Schweiker*, 735 F.2d 267, 270 (7th Cir. 1984).

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and

the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept (the evidence) as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute (its) own judgment for that of the Commissioner." *Young*, 362 F.3d at 1001. Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). The Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); *see also*, 42 U.S.C. § 405(g).

### III. Discussion

The ALJ's decision must be reversed because the Court cannot determine whether the ALJ considered Plaintiff's moderate limitations in concentration, persistence, and pace in formulating her RFC finding or her hypothetical question to the VE. Last year, the Seventh Circuit held that an ALJ committed reversible error by failing to capture a claimant's moderate limitations in concentration, persistence, and pace in the ALJ's RFC finding and the hypothetical question to the VE. *See Winsted v. Berrhill*, 923 F.3d 472, 478-79 (7th Cir. 2019) (remanding "[b]ecause the ALJ's hypothetical question to the vocational examiner and the residual function capacity did not capture one of Winsted's most significant problems – his concentration-functioning deficits"). In *Winsted*, the plaintiff suffered from, *inter alia*, panic disorder, posttraumatic stress disorder, and major depressive order. *Id* at 474. During the administrative hearing, the ALJ asked the VE about a hypothetical individual who had several limitations, including being "limited to simply reaching

5

(sic) repetitive tasks," and the VE testified that such an individual would be able to work in certain positions. *Id.* at 476. When the ALJ issued a written ruling, the ALJ "acknowledged that Winsted had moderate difficulty with social functioning and concentration, persistence, and pace because of his mental-health issues, but concluded these severe impairments did not meet a listing for presumptive disability." *Id*. In the RFC determination, the ALJ found that Plaintiff could perform light work with several limitations all of which had been in the above-referenced hypothetical individual posited to the VE, including being limited to "simple, routine, repetitive tasks."

The Seventh Circuit agreed with plaintiff's argument that the ALJ's limitation that plaintiff perform only "simple, routine, repetitive tasks with few workplace changes" failed "to address his concentration-functioning deficits because 'both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record.'" *Id.* at 476 (quoting *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). The appeals court explained its reasoning, stating:

> Again and again, we have said that when an ALJ finds there are documented limitations of concentration, persistence, and pace, the hypothetical question presented to the VE must account for these limitations. We have also made clear that in most cases "employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace," and thus, alone, are insufficient to present the claimant's limitations in this area. Here, at Step 3 the ALJ found Winsted's moderate difficulties with concentration, persistence, and pace could cause problems with concentration and following written instructions, as well as stress with changes in his routine….
>
> But the first hypothetical the ALJ posed to the VE did not direct the expert to consider problems with concentration, persistence, and pace, which is the hypothetical the ALJ relied on for the RFC. Though particular words need not be incanted, we cannot look at the *absence* of the phrase "moderate difficulties with concentration, persistence, and pace" and feel confident this limitation was properly incorporated in the RFC and in the hypothetical question.

*Id.* at 476-77 (internal citations omitted). As such, the Seventh Circuit concluded "[b]ecause the

ALJ did not include Winsted's difficulties with concentration, persistence, and pace in the hypothetical he did consider, the decision cannot stand." *Id.* at 477.

The ALJ made a very similar error in this case as in *Winsted.* Here, the ALJ found Plaintiff had a moderate limitation in maintaining concentration, persistence, and pace, and limited her to simple, routine, repetitive tasks in the RFC finding – just as the ALJ did in *Winsted*. During the hearing, the ALJ proposed a hypothetical question to the VE that included a limitation regarding "simple, routine, repetitive tasks," but did not discuss a hypothetical individual with moderate limitations in concentration, persistence, and pace; the ALJ also adopted the limitations from the hypothetical individual discussed at the administrative hearing wholesale into her RFC. The Court does not believe the limitation to working in an environment "free of past-paced production requirements involving only simple, work-related decisions and with few, if any, work place changes" saves the ALJ's decision and questioning of the VE. At best, that limitation suggests the ALJ considered Plaintiff's moderate limitation in pace by freeing him of production requirements. However, it does not demonstrate to the Court that the ALJ took Plaintiff's limitations in concentration or persistence into account at all. Although slightly different, this is the same type of error the ALJ made in *Winsted*, which caused the Seventh Circuit to remand the case back to the Commissioner. Due to this error, the Court cannot tell whether the ALJ properly accounted for Plaintiff's moderate limitations in concentration, persistence, and pace in either the RFC finding or the hypothetical questions that was posited to the VE and was the basis for the RFC finding. Therefore, the Court must remand this case for further proceedings.[3]

---

[3] At this time, the Court offers no opinion as to the other alleged bases of error in the ALJ's decision as raised by Plaintiff. However, the Court notes that the record did not contain treatment records from either of Plaintiff's treating mental health professionals, Leyna Inberg and Andrea Freerksen. It would likely behoove both parties and the ALJ to have those records in the administrative record on remand to accurately assess Plaintiff's mental health limitations, and the Court recommends Plaintiff introduce those records into the record on remand, if possible.

## IV. Conclusion

For the foregoing reasons, the Court must reverse and remand for proceedings consistent with this Memorandum Opinion and Order. Plaintiff's motion for summary judgment (Dkt. 16) is granted; the Commissioner's motion for summary judgment (Dkt. 23) is denied.

Entered: June 29, 2020

Susan E. Cox,
United States Magistrate Judge